# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>HECTOR MEDRANO,<br><br>                                   Defendant. | Case No.:  90CR767-W<br>                    90CR768-W<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582 (c)(1)(A)(i) [DOCS. 106 & 131]** |

On March 7, 2014, this Court sentenced Defendant Hector Medrano to 24 months imprisonment for violation of his supervised release, 18 months of that sentence to run consecutive and 6 months concurrent to the sentence previously imposed in case 13CR1128-BEN.  Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the Court has jurisdiction and for the reasons below **GRANTS** Defendant's motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction."  The United States Sentencing Commission ("USSG") recognizes that

certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentence under § 3582.  See USSG § 1B1.13.  This section is not binding and "district courts are empowered … to consider *any* extraordinary and compelling reason for release that a defendant might raise."  United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (internal quotations and citation omitted).

Bureau of Prisons medical records confirm that Defendant suffers from serious health conditions including stage IV cancer of his neck and tonsils, which place him at significant risk of severe complications from the covid virus.  The United States agrees that he is not a danger to the community and does not oppose his Motion for Compassionate Release.

Based on the forgoing, the Court **GRANTS** Defendant's motion [Docs. 106 & 131] and **ORDERS**:

Defendant is resentenced to a custodial sentence of time served effective upon his obtaining a medical clearance from FCI La Tuna that he is not infected with COVID-19.

**IT IS SO ORDERED**.

Dated:  January 3, 2022

Hon. Thomas J. Whelan
United States District Judge

2

90CR767-W
90CR768-W